UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDGAR M. PORTER,

Plaintiff,

-against-

NEW YORK CITY DEPT OF FINANCE,

Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-2732 (OEM) (VMS)

ORELIA E. MERCHANT, United States District Judge:

Plaintiff Edgar M. Porter ("Plaintiff") filed this *pro se* action on May 6, 2026. *See* Complaint, Dkt. 1 ("Complaint" or "Compl."). On May 14, 2026, the Court denied his request to proceed *in forma pauperis* ("IFP"), Dkt. 2, and directed him to pay the filing fee or submit a long-form application to proceed IFP containing sufficient information to determine indigency. Order, dated May 14, 2026. Plaintiff failed to respond within 14 days, and on June 5, 2026, the Court dismissed the Complaint. *See* Order, dated June 5, 2026; Judgment, Dkt. 4. Plaintiff subsequently moved to reopen the action and submitted a long-form IFP application. *See* Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 6. On July 30, 2026, the Court granted Plaintiff's request to reopen the action, granted Plaintiff's IFP application, dismissed the Complaint for failure to state a claim, and granted Plaintiff leave to file an amended complaint. Memorandum and Order, Dkt. 8 ("July 30 Order or "M&O"). Plaintiff filed an Amended Complaint on August 27, 2026. *See* Amended Complaint, Dkt. 10 ("Amended Complaint" or "Am. Compl.").

For the following reasons, Plaintiff's Amended Complaint is dismissed, and the Clerk of Court is directed to close this action.

## BACKGROUND

Plaintiff's Amended Complaint renews the allegations in his original Complaint related to the seizure and sale of Plaintiff's vehicle for his failure to pay parking violation fines. *Compare* Am. Compl., *with* Compl.

Plaintiff alleges that on June 9, 2025, his 2005 Jeep Grand Cherokee was "[d]emobilized" by the New York City Department of Finance ("NYC Department of Finance"). Am. Compl. at 2. Plaintiff claims that he tried to pay the outstanding fine amount of $678 on June 10, June 11, and June 12, 2025, but "[e]ach day Plaintiff was told that documents were needed." *Id.* Plaintiff claims that he returned with additional documents, but that the documents were not sufficient for customer service agents to accept the money and release the vehicle. *Id.* He alleges that the representative "had bad motive against Plaintiff," but he does not elaborate on the employees' alleged motive or the actions. *Id.* at 3. Plaintiff further alleges that "the underlying facts are in dispute because I am the rightful owner and have the [s]uperior title of right to possession of personal property where by [s]eized property may be [p]rovisionally restored to owner pending outcome of order to show cause [e]x parte action filed New York State[ ]360 Adams Court dated June 18, 2025." *Id.* Plaintiff claims that he filed an order to show cause in state court, but that no representative from the NYC Department of Finance appeared at the court proceeding. *Id.* at 1, 3. He states: "as a result Plaintiff['s] personal [p]roperty [w]as [i]mproperly [a]uctioned." *Id.*

In his original Complaint, Plaintiff asserted that his claims arise under 29 C.F.R. § 1604 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, Compl. at 4, without citing any statutory basis for his claims in his Amended Complaint, *see generally* Am. Compl. In his Amended Complaint, Plaintiff only names the NYC Department of Finance as a defendant, but he does not assert any basis for this Court's jurisdiction or seek any specific relief. *See id.*

## LEGAL STANDARD

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, if the Court finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8 ("Rule 8") requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." FED. R. CIV. P. 8(a). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject-matter jurisdiction over the action. A federal court generally has subject-matter jurisdiction over a civil case if it has either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a). Claims arising under federal question jurisdiction must be based on a federal law. *See* 28 U.S.C. § 1331. For claims arising under diversity jurisdiction, complete diversity must exist between the parties and the amount in controversy must exceed $75,000,

exclusive of interest and costs. 28 U.S.C. § 1332(a). The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

**DISCUSSION**

**A. The New York City Department of Finance is Not a Suable Entity.**

Although the Court *sua sponte* dismissed the NYC Department of Finance in its July 30 Order and substituted the City of New York, *see* M&O at 3, n.4, Plaintiff nevertheless named the NYC Department of Finance in his Amended Complaint as the sole Defendant. *See* Am. Compl. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17, § 396; *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, the NYC Department of Finance is dismissed as a Defendant.

Even if the Court construes Plaintiff's claims against the NYC Department of Finance as applying to the City of New York, or substitutes the City of New York as a Defendant as it did in the July 30 Order, it would not help Plaintiff. Plaintiff has not explained how he was harmed by the City of New York or the NYC Department of Finance. If he were to assert a civil rights action, claims for deprivations of constitutional rights may be brought under the Civil Rights Acts as codified at 42 U.S.C. § 1983 ("§ 1983"). In order to bring a claim under § 1983, the plaintiff must show that the conduct was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United

States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). A municipality is liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' caused the alleged constitutional injury." (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011))). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Here, Plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York. Therefore, Plaintiff fails to state any § 1983 claims against the City of New York or its agencies, which warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Plaintiff Fails to State a Claim or Establish a Basis for Jurisdiction.**

Even if Plaintiff had named individual defendants, Plaintiff's failure to comply with Rule 8 and failure to state a claim warrants dismissal. Plaintiffs' Amended Complaint does not comport with the requirements of Rule 8 because it does not present any request for relief or grounds for granting any relief sought.[1]

Furthermore, the Court has liberally construed the Amended Complaint and considered whether Plaintiff has alleged a violation of his due process rights that could be brought under § 1983. Plaintiff does not assert a claim for violation of his procedural due process rights. "[T]he Due Process Clause of the Fourteenth Amendment prohibits the States[ ] from depriving any

[1] Even considering Plaintiff's Complaint together with the Amended Complaint in light of Plaintiff's *pro se* status, Plaintiff fails to state a claim for the reasons elaborated further herein.

person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). "Causes of action based on due process violations require 'the existence of a federally protectable property right and the denial of such a right in the absence of either procedural or substantive due process.'" *Dibbs v. Roldan*, 356 F. Supp. 2d 340, 353 (S.D.N.Y. 2005) (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999)). "Procedural due process 'require[s] notice and an opportunity to be heard prior to the deprivation of a property interest.'" *Id.* (quoting *United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1263 (2d Cir. 1989)). "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense.'" *Id.* (quoting *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995)). Furthermore, Section 19-212 of the New York City Administrative Code provides that when parking violation fines exceed $350, a vehicle may be removed from public streets for the purpose of satisfying an outstanding judgment. N.Y.C. Admin. Code § 19-212. "Numerous courts in the Second Circuit have held that '[New York] City's administrative parking violations procedures, together with the judicial system of the State of New York, provide[ ] [vehicle owners] with adequate remedies, both pre-and-post-deprivation[.]'" *Tsinberg v. City of New York*, 20 Civ. 749 (PAE) (SLC), 2021 WL 1536659, at *9 (S.D.N.Y. Jan. 22, 2021) (collecting cases), *report and recommendation adopted sub nom. Tsinberg v. City of New York*, 20 Civ. 749 (PAE), 2021 WL 1146942 (S.D.N.Y. Mar. 25, 2021).

Plaintiff alleges that his vehicle was seized for non-payment of parking violations and that, when he went to pay the fines and retrieve the vehicle, employees of the NYC Department of Finance were not satisfied that his documents proved his ownership interest in the vehicle. Am. Compl. at 2-3. Plaintiff does not allege that he did not have notice of the seizure of his vehicle or

that he lacked an opportunity to pay the fines. *See id.* Instead, he alleges that he tried to pay the fines, but "the underlying facts [were] in dispute," and his documents were deemed insufficient. *Id.* at 3. He does not describe any further proceedings or efforts to make use of New York City and State procedures for claiming an unlawful seizure of property. Accordingly, Plaintiff fails to assert a claim for a violation of his procedural due process rights. *See Myftari v. Dep't of Finance*, 23-CV-02558 (HG) (RER), 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023) (dismissing the plaintiff's claim for municipal liability because his complaint failed to explain the circumstances under which his car was towed or the ensuing legal proceedings related to his car).

Plaintiff's Amended Complaint also does not assert a substantive due process claim. "To bring a substantive due process claim, a plaintiff must plead (1) the deprivation of a constitutional right, and (2) state action that 'was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Carter v. Campanelli*, 22-CV-2702 (AMD) (LB), 2022 WL 1667022, at *2 (E.D.N.Y. May 25, 2022) (quoting *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021)) (collecting cases).

The Amended Complaint alleges that Plaintiff's car was seized because he was issued parking tickets that he did not pay and that employees did not release his vehicle because they did not accept his documents as proof of ownership. Am. Compl. at 2-3. He does not disclaim responsibility for the parking violations. He does not allege that the City treated him "differently than any other parking regulation violator" or that he was tricked or lied to by employees at the NYC Department of Finance about the documents he needed to bring. *See Rackley v. City of New York*, 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002). Plaintiff alleges a "bad motive against Plaintiff" by customer service representatives, Am. Compl. at 3, but he does not suggest what it might be or how he was harmed. Consequently, Plaintiff has not alleged that the actions of impounding or

auctioning his car "is so 'outrageous' and 'arbitrary' that it 'shocks the conscience.'" *See Carter*, 2022 WL 1667022, at *2 (finding the plaintiff did not allege a substantive due process claim because he alleged that his car was impounded because his car registration was suspended and thus, the officer "appears to have had a valid basis for impounding the plaintiff's car, so his conduct was neither 'egregious' or 'outrageous'"). As other courts have held, "[t]here is absolutely nothing conscience shocking about any of that; the seizure of vehicles to satisfy parking fines has been held to be constitutional and furthers a legitimate state interest." *Schaer v. City of New York*, 09 Civ. 7441 (CM) (MHD), 2011 WL 1239836, at *6 (S.D.N.Y. Mar. 25, 2011). Accordingly, Plaintiff fails to allege a substantive due process claim.

Additionally, to the extent that Plaintiff seeks the Court to overturn a final order or judgment issued by a state court regarding his delinquent tickets, the Court lacks subject-matter jurisdiction to adjudicate such claim. Under the *Rooker-Feldman* doctrine, "a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment." *Byrd v. Westchester Cnty. Police Dep't*, 1:24-CV-9547 (LTS), 2025 WL 1456203, at *8 (S.D.N.Y. May 21, 2025) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005)). Thus, a district court may not exercise subject-matter jurisdiction over a case in which a litigant seeks to reject or overturn a final state-court judgment regarding parking or traffic violations. *See Koziel v. City Court of Yonkers*, 351 F. App'x 470, 470 (2d Cir. 2009).

For these reasons, Plaintiff has failed to state a claim for violation of his procedural or substantive due process rights. Consequently, Plaintiff has not asserted a constitutional basis for a § 1983 claim and the facts alleged in the Amended Complaint do not provide a basis for this

Court's subject-matter jurisdiction over Plaintiff's claim that his vehicle was seized and auctioned. Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint fails to cure the deficiencies in the original Complaint. The action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and send a copy of this order and the judgment to Plaintiff at the mailing address provided and note the mailing on the docket, enter judgement, and close this case.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

September 16, 2026
Brooklyn, New York